KENNEDY, Justice.
The plaintiff, Randall C. Jones, appeals from a judgment entered in favor of the defendants, Dorothy Claire Crockett and Government Employees Insurance Company (“GEICO”), after a nonjury trial.
Peggy Jones and Dorothy Crockett were students at Auburn University at Montgomery (“AUM"), commuting together from their residences in Tallassee. On September 25, 1989, Crockett drove Jones to school at AUM. On the way home that afternoon it was raining, as it had been most of the day.
According to witnesses, Crockett drove her car down a hill, travelling north on Alabama, Highway 229. After crossing a bridge, Crockett lost control of the car and struck an oncoming vehicle in the southbound lane of traffic. There was conflicting testimony as to whether there was water puddled on the bridge at the time of the accident. Peggy Jones was killed in the accident.
Randall C. Jones, as administrator of the estate of Peggy Jones, sued Crockett and GEICO. The complaint alleged negligence and wantonness against Crockett, and also stated a claim for underinsured motorist benefits under Crockett’s insurance policy with GEICO. The trial court entered a judgment in favor of the defendants, and the plaintiff appeals.
Where a trial court has heard ore tenus testimony, its judgment based on findings of fact drawn from that testimony is presumed to be correct and will be reversed only if, after a consideration of all the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly or palpably wrong. Spruiell v. Robinson, 582 So.2d 508 (Ala.1991).
The trial court, as the trier of fact, made the following findings:
“Upon consideration of the evidence and testimony presented, arguments of counsel, applicable law and the court’s view of the scene, the court is not reasonably satisfied that the defendant Dorothy Claire Crockett engaged in negligent or wanton conduct which proximately caused the death of Peggy Jane Jones.
“In reviewing the testimony offered by the witnesses in the case, the court has placed more weight on the testimony of Sonny Odell than the testimony of Patricia Jones. Although Mr. Odell may have been inaccurate in his recollection of the exact distances between the bridge and the location of the driveways going into Taylor Gin, the court finds that his testimony as to the speed of the defendant’s *193 vehicle is far more believable than that opinion offered by Mrs. Jones.
“It appears to the court that the proximate cause of the accident was the condition of the road and bridge due to the accumulation of rainwater, and not the speed of Ms. Crockett’s automobile.”
Based upon our review of the record, and applying the standard stated in Spruiell, supra, we conclude that the judgment of the trial court was supported by the evidence. We affirm.
AFFIRMED.
MADDOX, SHORES, HOUSTON and STEAGALL, JJ., concur.